**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-1407**

_____

SERKALEM TEFERI MEKONIN,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-079-669)

_____

Submitted: November 10, 2004      Decided: January 12, 2005

_____

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

James A. Roberts, LAW OFFICE OF JAMES A. ROBERTS, Falls Church, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Earle B. Wilson, Anthony W. Norwood, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Serkalem Teferi Mekonin, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the Immigration Judge's (IJ) denial of her application for asylum and withholding of removal.

Because the Board affirmed under its streamlined process, the IJ's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004). A determination that an alien is not eligible for asylum must be upheld unless that determination is "manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(C) (2000). We will reverse only "if 'the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio v. BIA, 979 F.2d 995, 999 (4th Cir. 1992) (internal quotation marks omitted)). We have reviewed the evidence of record and conclude that Mekonin fails to show  that the evidence compels a contrary result. Accordingly, we cannot grant the relief Mekonin seeks.

Next, we uphold the IJ's denial of Mekonin's application for withholding of removal. The standard for withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution.

INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).  As Mekonin failed to establish refugee status, she cannot satisfy the higher standard necessary for withholding.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED